1  CRAIG H. MISSAKIAN (CABN 125202)
   United States Attorney
2
   MARTHA BOERSCH (CABN 126569)
3  Chief, Criminal Division

4  ALETHEA M. SARGENT (CABN 288222)
   KELLY I. VOLKAR (CABN 301377)
5  Assistant United States Attorney

6         1301 Clay Street, Suite 340S
          Oakland, California 94612
7         Telephone: (510) 637-3680
          FAX: (510) 637-3724
8         alethea.sargent@usdoj.gov
          Kelly.Volkar@usdoj.gov
9
   Attorneys for United States of America
10
                              UNITED STATES DISTRICT COURT
11
                             NORTHERN DISTRICT OF CALIFORNIA
12
                                       OAKLAND DIVISION
13

14  UNITED STATES OF AMERICA,           )   **CASE NO. 4:25-CR-0402-JST**
                                        )
15          Plaintiff,                  )   **[PROPOSED] DETENTION ORDER**
                                        )
16     v.                               )
                                        )
17  JOWAUN JONES,                       )
                                        )
18          Defendant.                  )
                                        )
19

20         On November 20, 2025, defendant JOWAUN JONES was charged by Indictment with

21  Conspiracy to Distribute and Attempted Possession with Intent to Distribute Over 100 Marijuana Plants,

22  in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(B).

23         This matter came before the Court on December 15, 2025, for a detention hearing. The

24  defendant was present and represented by Gail Shifman. Assistant United States Attorney Kelly Volkar

25  appeared for the government. The government moved for detention, and the defendant opposed. At the

26  hearing, counsel submitted proffers and arguments regarding detention.

27         Upon consideration of the facts, proffers and arguments presented, and for the reasons stated on

28  the record, the Court finds by clear and convincing evidence that no condition or combination of

1  conditions will reasonably assure the safety of any other person or the community.  Accordingly, the
2  defendant must be detained pending trial in this matter.
3       The present order supplements the Court's findings and order at the detention hearing and serves
4  as written findings of fact and a statement of reasons as required by Title 18, United States Code,
5  Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its
6  conclusion:  After multiple armed commercial burglaries of the same location had already occurred,
7  JONES answered a call from a co-conspirator around 4:00 a.m. and immediately responded by traveling
8  to the vicinity of the third armed burglary.  These facts proffered by the government indicate that
9  JONES likely knew the other co-conspirators, likely understood the purpose, and likely had committed
10 similar offenses in the past.  Indeed, despite the fact that the events alleged in the indictment resulted in
11 the death of an Oakland Police Officer, JONES has since joined other armed burglaries.  JONES has
12 also used stolen license plates in the instant offense and others to evade capture by law enforcement.  In
13 conjunction with JONES's criminal history, which includes two prior convictions for burglary and two
14 prior convictions for evading peace officers, the Court finds that JONES presents a danger to the safety
15 of the community.  The Court also finds that no conditions of release will mitigate this danger.  Further,
16 the Court finds that JONES's convictions for evading peace officers and his use of stolen license plates
17 to evade capture indicate that JONES is not amenable to pretrial supervision.  This finding is made
18 without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for
19 reconsideration if circumstances warrant it.
20       Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:
21       1.    The defendant be, and hereby is, committed to the custody of the Attorney General for
22 confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving
23 sentences or being held in custody pending appeal;
24       2.    The defendant be afforded reasonable opportunity for private consultation with counsel;
25 and
26       3.    On order of a court of the United States or on request of an attorney for the government,
27 the person in charge of the corrections facility in which the defendant is confined shall deliver the
28 defendant to an authorized United States Marshal for the purpose of any appearance in connection with a

1  court proceeding.

2      IT IS SO ORDERED.

4  DATED:  December 15, 2025

                                  HONORABLE THOMAS S. HIXSON
5                                    United States Magistrate Judge