CRAIG H. MISSAKIAN (CABN 125202)
United States Attorney

JEFF MITCHELL (CABN 236225)
Chief, Criminal Division

ALETHEA M. SARGENT (CABN 288222)
KELLY I. VOLKAR (CABN 301377)
Assistant United States Attorney

  1301 Clay Street, Suite 340S
  Oakland, California 94612
  Telephone: (510) 637-3680
  FAX: (510) 637-3724
  alethea.sargent@usdoj.gov
  Kelly.Volkar@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| UNITED STATES OF AMERICA, | ) | **CASE NO. 4:25-CR-0402-JST** |
|---|---|---|
| Plaintiff, | ) ) ) | **[~~PROPOSED~~] CORRECTED DETENTION ORDER** |
| v. | ) ) | |
| JOWAUN JONES, | ) ) | |
| Defendant. | ) ) ) | |

On November 20, 2025, defendant JOWAUN JONES was charged by Indictment with

Conspiracy to Distribute and Attempted Possession with Intent to Distribute Over 100 Marijuana Plants,

in violation of Title 21, United States Code, Sections 846, 841(a)(1), and (b)(1)(B).

This matter came before the Court on December 15, 2025, for a detention hearing.  The

defendant was present and represented by Gail Shifman.  Assistant United States Attorney Kelly Volkar

appeared for the government.  The government moved for detention, and the defendant opposed.  At the

hearing, counsel submitted proffers and arguments regarding detention.  On March 19, 2026, the

defendant moved for reconsideration and the Court held a further hearing on April 2, 2026.

Upon consideration of the facts, proffers, and arguments presented, and for the reasons stated on

the record, the Court finds by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of any other person or the community.  Accordingly, the defendant must be detained pending trial in this matter.

The present order supplements the Court's findings and order at the December 15, 2025, detention hearing, and the April 2, 2026, hearing on the defendant's motion for reconsideration, and serves as written findings of fact and a statement of reasons as required by Title 18, United States Code, Section 3142(i)(1).  As noted on the record, the Court makes the following findings as the bases for its conclusion:  After multiple armed commercial burglaries of the same location had already occurred, JONES answered a call from a co-conspirator around 4:00 a.m. and immediately responded by traveling to the vicinity of the third armed burglary.  These facts proffered by the government indicate that JONES likely knew the other co-conspirators, likely understood the purpose, and likely had committed similar offenses in the past.  Indeed, despite the fact that the events alleged in the indictment resulted in the death of an Oakland Police Officer, JONES has since joined other burglaries.  JONES has also used stolen license plates in the instant offense and others to evade capture by law enforcement.  In conjunction with JONES's criminal history, which includes two prior convictions for burglary and two prior convictions for evading peace officers, the Court finds that JONES presents a danger to the safety of the community.  The Court also finds that no conditions of release will mitigate this danger.  Further, the Court finds that JONES's convictions for evading peace officers and his use of stolen license plates to evade capture indicate that JONES is not amenable to pretrial supervision.  This finding is made without prejudice to the defendant's right to seek review of defendant's detention, or file a motion for reconsideration if circumstances warrant it.

Pursuant to 18 U.S.C. § 3142(i), IT IS ORDERED THAT:

1. The defendant be, and hereby is, committed to the custody of the Attorney General for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal;

2. The defendant be afforded reasonable opportunity for private consultation with counsel; and

3. On order of a court of the United States or on request of an attorney for the government,

[PROPOSED] DETENTION ORDER                    2                              v. 11/01/2018
4:25-CR-0402-JST

the person in charge of the corrections facility in which the defendant is confined shall deliver the defendant to an authorized United States Marshal for the purpose of any appearance in connection with a court proceeding.

IT IS SO ORDERED.

DATED: April 6, 2026

_____
HONORABLE THOMAS S. HIXSON
United States Magistrate Judge